UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIGUEL STEPHAN WATTS*, Pro Se*, | ) | Case No.:  1: 25 CV 1582 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND HEIGHTS, | ) | |
| *et al.,* | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants | ) | AND ORDER |

**Background**

*Pro Se* Plaintiff Miguel Stephan Watts has filed a Complaint for Declaratory, Injunctive, and Monetary Relief in this case pursuant to 42 U.S.C. § 1983 against multiple Defendants, including the City of Cleveland Heights, Officer Seth Adams, the Cleveland Heights Police Department, the Cleveland Heights Municipal Court, Cleveland Heights Municipal Court Judge James J. Costello and Prosecutor Pamela Rossner, and the Ohio Bureau of Motor Vehicles.  (Doc. No. 1.)

His Complaint pertains to a traffic citation and subsequent prosecution brought against him in Cleveland Heights Municipal Court, in which he was charged with various violations of the Ohio Revised Code following a traffic stop that occurred on April 29, 2025.  *See* Doc. No. 1 at ¶¶ 18-22; *City of Cleveland Heights v. Miguel S. Watts*, TRD 2502535 and TRD 2502537 (Cleveland Hts. Mun. Ct) (charging Plaintiff with stop sign, fictitious plates, and seat belt violations).

Plaintiff contests the lawfulness of his traffic citation and his subsequent prosecution.  He states he is a "private U.S.A. national, not engaged in commercial transport or employment . . . temporarily domiciled in Ohio" and that he acts in his capacity "as authorized representative of the

Yazza Republic Irrevocable Trust." (Doc. No. 1 at ¶ 10.)  He contends Officer Adams unlawfully stopped and cited him for traffic violations despite his asserted "private status." (*Id*. at ¶ 19.) Similarly, he contends the Cleveland Heights Municipal Court lacked jurisdiction over him on the basis of his "exempt, private standing," and he complains that the judge and prosecutor in his municipal court case failed to acknowledge those "jurisdictional objections or recognize [his] status filings." (*Id*. at ¶¶ 22-23.)  He also contends he was subjected to racial and political profiling when Officer Adams demanded his social security number, referred to him as a "sovereign citizen," and described him as a "black male in a colorful shirt" over dispatch. (*Id*. at ¶ 20.)

On the basis of these allegations, Plaintiff alleges multiple federal claims and seeks declaratory, injunctive relief, and damages, including an order enjoining the state traffic prosecution against him.

He has now also filed an "Emergency Motion for a Temporary Restraining Order" (Doc. No. 4), asking the Court to enjoin Defendants from proceeding with the state traffic prosecution against him, "misclassifying" him as a "commercial operator or 'sovereign citizen,'" and retaining his "biometric data, identification, or private records." (*Id*. at 2,  ¶¶ 1-4.)  He did not pay the filing fee in the case, but instead, filed a motion to proceed *in forma pauperis* (Doc. No. 2.)  The Court will grant this motion although it is apparent Plaintiff did not sincerely fill out his application.[1]  For the following reasons, Plaintiff's Motion for a Temporary Restraining Order is denied and his Complaint is dismissed.

## Standard of Review and Discussion

District courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma*

---

[1]He responded "0" or "N/A" to every question on the form.

*pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). A complaint fails to state a claim upon which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits. *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. *See Erwin v. Edwards*, 22 In Fed. App'x 579, 580 (6th Cir. 2001).

Further, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3). A federal district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."

*Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Upon review, the Court finds that Plaintiff's complaint warrants *sua sponte* dismissal pursuant to § 1915(e)(2)(B) and *Apple v. Glenn.*

Federal courts must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Younger v. Harris*, 401 U.S. 37, 44–45 (1971). Abstention is necessary to prevent federal court intervention that unduly interferes with "legitimate activities of the States." *Id*. at 44. Abstention is appropriate if: (1) a state proceeding is on-going; (2) the state proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise federal concerns. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Here, Plaintiff is clearly asking the Court to interfere with an ongoing state traffic court proceeding, and the factors warranting *Younger* abstention are present. Plaintiff's action pertains to an on-going state-court traffic prosecution, which is of paramount state interest and importance. *See Younger*, 401 U.S. at 44–45. And Plaintiff has not set forth facts reasonably suggesting that the Cleveland Heights Municipal Court cannot or will not provide him an adequate opportunity to raise legitimate federal concerns he has in the context of the state proceeding. Indeed, Plaintiff was afforded opportunities to be heard in the traffic matter. The court simply did not agree with Plaintiff that it lacked jurisdiction over him on the bases he asserted. This Court finds no basis to, and will not, interfere with or intervene in the on-going criminal traffic proceeding in Cleveland Heights Municipal Court and finds the action warrants dismissal on the basis of *Younger. See Moore v. City of Garfield Heights*, No. 1: 12 CV 1700, 2012 WL 5845369, at * 5 (N.D. Ohio Nov. 19, 2012) (dismissing § 1983 claims arising from municipal court traffic, criminal, and small claims

4

proceedings).

Further, although the *Younger* doctrine generally requires a federal court to stay rather than dismiss a damages action during the pendency of a state action on the same matter, a court may dismiss such an action rather than hold it in abeyance when the plaintiff has failed to state a viable claim for relief. *See id*. The Court finds dismissal rather than a stay appropriate.

Courts have repeatedly rejected, as frivolous, claims based on a theory of sovereign citizenship, which are subject to *sua sponte* dismissal "without extended argument." *Banks v. Ryan*, No. 24-cv-2988, 2025 WL 2412166, at *1 (W.D. Tenn. June 25, 2025) (citing cases). Although Plaintiff purports to disclaim being a "sovereign citizen" (*see* Doc. No. 1 at ¶ 20), his complaint is premised on theories that he is somehow exempt from complying with state traffic laws and/or from state prosecution on the basis that he has "private," "non-commercial," "exempt," or "private travel" status. These are sovereign citizen, or sovereign citizen "adjacent," theories similar to those courts have determined warrant dismissal as "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *See Burnett v. Michigan*, Case No. 1:24-cv-55, 2024 WL 3721741, at *7 (W.D. Mich June 18, 2024) (citing cases and recommending dismissal of *pro se* complaint for lack of subject matter jurisdiction pursuant to *Apple v. Glenn* where plaintiff contended she possessed special status as a sovereign and was not subject to federal or state laws), report and recommendation adopted, No. 1:24-CV-55, 2024 WL 3466258 (W.D. Mich. July 19, 2024).

The Court finds that Plaintiff's complaint is based on frivolous theories and warrants dismissal under *Apple v. Glenn* and *Younger*.

Plaintiff's motion for a temporary restraining order is denied. Preliminary injunctive relief

5

is an "extraordinary and drastic remedy" and should "only be awarded upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017).  Courts consider four factors in determining whether to grant or deny a temporary restraining order: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without an injunction; (3) whether granting the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting the injunction.  *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012).  In light of the Court's determination that Plaintiff's complaint is frivolous and that federal abstention is warranted under *Younger*, these factors do not weigh in favor of the extraordinary remedy of temporary injunctive relief.

### Conclusion

For the reasons stated above, Plaintiff's Motion for a Temporary Restraining Order is denied, and this action is dismissed pursuant to the *Younger* doctrine and *Apple v. Glenn*, 183 F.3d 477.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

September 10, 2025